THIS DISPOSITION IS
CITABLE AS PRECEDENT
OF THE TTAB

Mailed:
April 10, 2003

Paper No. 12
Bottorff

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re DTI Partnership, L.L.P.
_____

Serial No. 76/197,868
_____

Glenn M. Seager of Crompton, Seager & Tufte, LLC for DTI Partnership, L.L.P.

Angela M. Micheli, Trademark Examining Attorney, Law Office 108 (David E. Shallant, Managing Attorney).
_____

Before Hairston, Walters and Bottorff, Administrative Trademark Judges.

Opinion by Bottorff, Administrative Trademark Judge:

Applicant has applied for registration on the Principal Register of the mark IBLOCK THERMAL MAPS (in typed form) for goods identified in the application, as

amended, as "computer software used to perform data analysis in the field of demographics."[1]

The Trademark Examining Attorney has finally refused registration of the mark on the ground that the mark is merely descriptive and thus unregistrable under Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1), and on the alternative ground that applicant has failed to comply with the Trademark Examining Attorney's requirement for information pursuant to Trademark Rule 2.61(b), 37 C.F.R. §2.61(b).

Applicant has appealed. Applicant and the Trademark Examining Attorney filed opening briefs on appeal, but applicant did not file a reply brief and did not request an oral hearing. We affirm the refusal to register, based on applicant's failure to comply with (or even acknowledge) the Trademark Examining Attorney's requirement for information under Trademark Rule 2.61(b).

In her first Office action, the Trademark Examining Attorney made a mere descriptiveness refusal and attached evidence in support of that refusal. She also made the following requirements:

---

[1] Serial No. 76/197,868, filed January 22, 2001. The application is based on applicant's asserted intent to use the mark, under Trademark Act Section 1(b), 15 U.S.C. §1051(b).

> The applicant must submit samples of
> advertisements or promotional materials for
> goods of the same type to permit proper
> consideration of the application.  If such
> materials are not available, the applicant must
> submit a photograph of similar goods and must
> describe the nature, purpose and channels of
> trade of the goods.  37 C.F.R. Section 2.61(b);
> TMEP sections 1103.04 and 1105.02.
>
> The applicant must indicate whether the wording
> in the mark has any significance in the
> relevant trade or industry or as applied to the
> goods.  37 C.F.R. Section 2.61(b).

In its response to the first Office action, applicant presented arguments in opposition to the mere descriptiveness refusal, including detailed arguments as to why the evidence made of record by the Trademark Examining Attorney failed to establish mere descriptiveness. Applicant also argued:

> The determination of whether or not a mark is
> merely descriptive must be made not in the
> abstract but, rather, in relation to the goods
> or services for which registration is sought.
> *See* In re Omaha National Corp., 819 F.2d 1117,
> 2 USPQ2d 1859 (Fed. Cir. 1987).  Applicant is
> not aware of use of the term IBLOCK in relation
> to demographics software.  Further, the term
> IBLOCK is a made-up word, not found in any
> dictionary, such that it cannot be said to only
> have descriptive significance.  As discussed
> below in relation to Exhibit 1 [the Trademark
> Examining Attorney's evidence], the term lacks
> identifiable significance.  Applicant thus
> believes the proposed mark, IBLOCK THERMAL
> MAPS, to be arbitrary, rather than descriptive.

Applicant did not specifically address or acknowledge the Trademark Examining Attorney's requirement for information under Trademark Rule 2.61(b).[2]

In her final Office action, the Trademark Examining Attorney presented further arguments and evidence in support of her mere descriptiveness refusal, and concluded as follows:

> …Applicant asserts other conclusions as to the arbitrariness of the term IBLOCK, but fails to provide any evidence in support of any of these statements.
>
> Based on the above reasons, the refusal under Section 2(e)(1) is made FINAL and the requirement for advertisements and promotional materials is made FINAL.

---

[2] Applicant's statements (in the above-quoted excerpt) that "[a]pplicant is not aware of use of the term IBLOCK in relation to demographics software," and that IBLOCK "is a made-up word," might be construed, generously, as partially responsive to the Trademark Examining Attorney's Trademark Rule 2.61(b) requirement that "applicant must indicate whether the wording in the mark has any significance in the relevant trade or industry or as applied to the goods." Given their surrounding context, however, it is more likely that these statements regarding the significance of the term IBLOCK were intended to be substantive arguments in opposition to the mere descriptiveness refusal, rather than informational statements responsive to the Trademark Rule 2.61(b) requirement. In any event, applicant did not offer any explanation as to the meaning or significance of THERMAL MAPS in relation to the goods (e.g., whether the "data analysis in the field of demographics" to be performed by the software upon which applicant intends to use the mark includes or involves data obtained by means of, or depicted in the form of, "thermal maps"). Nor did applicant comply with, or even acknowledge, the Trademark Examining Attorney's specific requirements for submission of advertising or promotional materials and for a description of the nature, purpose and channels of trade of the goods.

> If applicant files a request for remand, he [sic – it] should include relevant evidence in support of his [sic – its] position. Relevant evidence would consist of advertisements or promotional materials showing how the proposed mark will be used. The applicant should also indicate whether the term IBLOCKS has an [sic – any] significance in the relevant trade.

Applicant then filed a notice of appeal and a request for reconsideration of the final refusal. The Board instituted and suspended the appeal, and remanded the application to the Trademark Examining Attorney for examination of the request for reconsideration. In the request for reconsideration, applicant once again merely presented arguments as to why the Trademark Examining Attorney's evidence failed to establish that the term IBLOCK is merely descriptive. Applicant did not comply with or acknowledge the Trademark Examining Attorney's final Trademark Rule 2.61(b) requirement for submission of additional information and materials.

The Trademark Examining Attorney issued an action denying the request for reconsideration, in which she specifically noted that "[a]pplicant has not complied with the request for information or given any reason why no information has been provided. Applicant did not respond to the examining attorney's inquiry as to whether the proposed mark has any significance in the relevant trade."

5

The Board then resumed the appeal, and applicant filed an appeal brief which essentially is a verbatim reiteration of its request for reconsideration. Despite the Trademark Examining Attorney's specific reference, in her denial of the request for reconsideration, to the pending final Trademark Rule 2.61(b) requirement, applicant's appeal brief included no response to or even acknowledgement of that requirement. Likewise, although the Trademark Examining Attorney specifically argued in a separately-headed section of her brief on appeal that applicant has failed to comply with the outstanding Trademark Rule 2.61(b) requirement and that such failure constitutes an independent basis for refusing registration, applicant did not file a reply brief addressing this issue.

The Trademark Rules of Practice have the effect of law, and failure to comply with a request for information is grounds for refusal of registration. *See In re SPX Corporation*, 63 USPQ2d 1592 (TTAB 2002); *In re Page*, 51 USPQ2d 1660, 1665 (TTAB 1999); *In re Babies Beat, Inc.,* 13 USPQ2d 1729, 1731 (TTAB 1990); *In re Big Daddy's Lounges, Inc.,* 200 USPQ 371 (TTAB 1978); *In re Air Products and Chemicals, Inc.,* 192 USPQ2d 84, 85-86 (TTAB 1976); and *In re Morrison Industries, Inc.,* 178 USPQ 432, 433-34 (TTAB 1973); *see generally Chrysler Corp. v. Brown*, 441 U.S. 281,

6

295 (1979)(agency regulations have the force and effect of law).

Trademark Rule 2.61(b) provides: "The examiner may require the applicant to furnish such information and exhibits as may be reasonably necessary to the proper examination of the application."[3] We find that the Trademark Examining Attorney's requirement for information (regarding the nature of applicant's goods and the significance of the wording in the mark as applied to such goods) was proper under Trademark Rule 2.61(b). Such information is directly relevant to the issue of mere descriptiveness and thus "may be reasonably necessary to the proper examination of the application," as required by the rule. Applicant has not contended otherwise. We also find that applicant has failed to comply with the Trademark Examining Attorney's Trademark Rule 2.61(b) requirement. Again, applicant has not contended otherwise. Applicant's

---

[3] Generally, information and materials provided in response to a Trademark Rule 2.61(b) requirement can be extremely useful in the Board's review on appeal of the Trademark Examining Attorney's substantive refusal (and likewise useful in the Trademark Examining Attorney's determination of whether to maintain the refusal in the first place). This is especially so where the applicant's goods or services, or the wording in the mark, is technical in nature or otherwise unfamiliar, or where the application is based on intent-to-use. The Board encourages Trademark Examining Attorneys to require information and materials under Trademark Rule 2.61(b) in such circumstances, and looks with disfavor on an applicant's failure to comply with such requirement fully and in good faith.

noncompliance with the Trademark Examining Attorney's lawful requirement under Trademark Rule 2.61(b) warrants rejection of the application. *See In re SPX Corporation*, *supra; In re Page*, *supra;* and *In re Babies Beat, Inc.,* *supra.*

Indeed, despite the Trademark Examining Attorney's repeated express warnings and reminders, applicant inexplicably has ignored the Trademark Rule 2.61 requirement altogether, both during prosecution of the application and during this appeal. Such disregard of the Trademark Examining Attorney's lawful requirement, even more than applicant's noncompliance therewith, warrants rejection of the application. As the Board has stated previously:

> In response to a request for information such as the Examining Attorney made in this case, an applicant has several options. It may comply with the request by submitting the required advertising or promotional material. Or it may explain that it has no such material, but may submit material of its competitors for similar goods or provide information regarding the goods on which it uses or intends to use the mark. Or it may even dispute the legitimacy of the request, for example, if the goods identified in the application are such ordinary consumer items that a request for information concerning them would be considered unnecessary and burdensome. What an applicant cannot do, however, is to ignore a request made pursuant to Trademark Rule 2.61(b), as applicant has here.

8

*In re SPX Corporation*, *supra*, 63 USPQ2d at 1597.

For the reasons discussed above, we affirm the refusal to register based on applicant's failure to comply with the Trademark Examining Attorney's final requirement for information under Trademark Rule 2.61(b).

In view of our decision with respect to the Trademark Rule 2.61(b) requirement, we deem the substantive Section 2(e)(1) mere descriptiveness refusal to be moot. Applicant's failure to comply with the Trademark Rule 2.61(b) requirement is a sufficient basis, in itself, for affirming the refusal to register applicant's mark. Moreover, our ability to fully and accurately assess the substantive merits of the mere descriptiveness issue has been hindered by applicant's failure to submit the information and materials which were properly requested by the Trademark Examining Attorney under Trademark Rule 2.61(b). See discussion *supra* at footnote 3. In these circumstances, we decline to reach the merits of that refusal.

**Decision**: The refusal to register based on applicant's failure to comply with the Trademark Examining Attorney's final requirement for information under Trademark Rule 2.61(b) is affirmed. The Section 2(e)(1) mere descriptiveness refusal is moot.